UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIKE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-01596-MTS |
| ) | |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE A, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Nike, Inc. ("Nike")'s Motion for Entry of a Preliminary Injunction, or alternatively, an extension of the Court's Temporary Restraining Order. Doc. [32]. For the reasons that follow, the Court finds it appropriate to grant Plaintiff's Motion in part and extend the TRO until the Court rules on Plaintiff's Motion for Preliminary Injunction.

\*

On November 13, 2025, at 6:30 p.m., the Court entered an *Ex Parte* Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, the requirement of a $10,000 bond, expedited discovery, and an order permitting alternative methods of service on the Defendants, Doc. [29], for the reasons stated in its Memorandum Opinion, Doc. [28]. For good cause, including the fact that the assets in Defendants' e-commerce marketplace accounts were not yet frozen, the Court extended the TRO for an additional 14-day period on November 25, 2025. Doc. [31]; *see* Fed. R. Civ. P. 65(b)(2).

Without further action from the Court, the TRO would expire today at 6:30 p.m.  Fed. R. Civ. P. 65(a)(2).

In the meantime, Plaintiff has provided Defendants notice of this matter as well as notice of their pending Motion, Doc. [33] at 5, and pursuant to the Court's TRO, "the financial accounts associated with the Defendants identified on Schedule A to the Complaint . . . have been frozen," Doc. [33-1] ¶ 2.  Plaintiff asks that the TRO remain in place "since there is a high probability that the Defendants will continue to harm Nike" if the TRO is lifted, and "Defendants will likely attempt to move any assets from their financial accounts to offshore bank accounts without the TRO in place while [its] Motion [for Preliminary Injunction] is pending."  Doc. [33] at 5.

Ordinarily, a TRO issued without notice operates for a maximum period of 28 days, assuming it is properly extended.  *See* Fed. R. Civ. P. 65(2).  Extending a TRO for a longer length of time effectively renders the Order an appealable preliminary injunction.  *See Sampson v. Murray*, 415 U.S. 61, 86 (1974) ("[A] temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions.").  However, as the U.S. Court of Appeals for the Seventh Circuit has observed, "there will be cases where the maximum 28–day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing, let alone time for the district court to decide it."  *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 845 (7th Cir. 2012).  "When a TRO is extended beyond the 28–day limit without the consent of the enjoined party, it becomes in effect a preliminary injunction that is appealable, but the order remains effective."  *Id.*

- 2 -

Upon review of the record, the Court's reasons for issuing the TRO in this matter remain in effect.  *See* Doc. [28] at 6–7 (explaining that Nike has demonstrated a likelihood of success on the merits, irreparable harm, that the balance of hardships tipped in its favor, and that the injunction was in the public interest).  And, since the Defendants now have notice of this action, Doc. [33] at 5, the Court finds that maintaining current injunction is of even more importance "given the lengths that similar litigants take to remove their assets from the relevant jurisdiction and evade financial penalties."  Doc. [14] ¶¶ 6–11; *see also MeccaTech, Inc. v. Kiser*, 8:05-cv-570-LSC, 2008 WL 934366, at *4 (D. Neb. Apr. 1, 2008) (finding injunctive relief appropriate, in part, when it ensures "that defendants do not fraudulently or otherwise transfer assets during litigation to circumvent recovery by a wronged plaintiff").

Therefore, "to allow defendants an opportunity to respond to plaintiff's motion," and, if necessary, "to convene a timely preliminary injunction hearing," the Court will extend its Temporary Restraining Order, Doc. [29], until it rules on Plaintiff's Motion for Preliminary Injunction.  *Potato Ventures LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2:25-cv-2312-DDC-RES, 2025 WL 1939943, at *1 (D. Kan. July 15, 2025) (same); *cf. In re Sac & Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 765 (8th Cir. 2003) ("[I]ssuance of a preliminary injunction requires reasonable notice and a chance for the respondent party to prepare and respond.").

Accordingly,

**IT IS HEREBY ORDERED** that the Temporary Restraining Order, Doc. [29], is **EXTENDED** until the Court rules on Plaintiff's Motion for Preliminary Injunction.

**IT IS FURTHER ORDERED** that any response in opposition to Plaintiff's Motion for Preliminary Injunction must be filed no later than **Wednesday**, **December 24, 2025**. *See* E.D. Mo. L.R. 4.01(B).

**IT IS FURTHER ORDERED** that, because Defendants now have notice of this action, the Clerk of Court is respectfully directed to **UNSEAL** any sealed documents filed in this matter. Specifically, the Clerk of Court shall detach and file Document [6-1], and title the document Schedule A to the Complaint.

Dated this 11th day of December 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE